# UNITED STATES COURT OF INTERNATIONAL TRADE

STEEL DYNAMICS, INC. and UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC,

      Plaintiffs,

and

United States Steel Corporation and Nucor Corporation,

      Plaintiff-Intervenors,

v.

UNITED STATES

      Defendant.

Before:  Jennifer Choe-Groves, Judge

Court No. 26-00755

## ORDER

Before the Court is the Consent Motion to Intervene as a Matter of Right ("Motion to Intervene" or "Mot. Interv."), ECF No. 23, filed by proposed Defendant-Intervenors, Borçelik Çelik Sanayii Ticaret A.Ş., together with its collapsed entities, ArcelorMittal Çelik Ticaret A.Ş., Bamesa Celik Servis San. ve Tic. A.Ş., and Bamesa Muradiye Demir Çelik San. ve Tic. A.Ş (collectively, "Borçelik").

In actions filed pursuant to 19 U.S.C. § 1516a, a party may intervene as a matter of right if that party is an "interested party," 19 U.S.C. § 1516a(f)(3), "would be adversely affected or aggrieved by a decision in a civil action pending in the United States Court of International Trade," 28 U.S.C. § 2631(j)(1), and "was a party to the proceeding in connection with which the matter arose[,]" 28 U.S.C. § 2631(j)(1)(B).  Pursuant to 19 U.S.C. § 1516a(f)(3), "interested party" includes "a foreign manufacturer, producer, or exporter, or the United States importer, of subject merchandise[.]"  Id. § 1677(9)(A).  To satisfy the "party to the proceeding" standing requirement, a proposed intervenor must have reasonably conveyed its separate status and provided Commerce with notice of its concerns.  See Gov't of Canada v. United States, 48 CIT__, __, 686 F. Supp. 3d 1320 (2024) (citing Specialty Merch. Corp. v. United States, 31 CIT 364, 365, 477 F. Supp. 2d 1359, 1361 (2007); RHI Refractories Liaoning Co., Ltd. v. United States, 35 CIT 130, 132, 752 F. Supp. 2d 1377, 1381 (2011)).  To be timely, the motion to intervene as a matter of right must be made no later than thirty days after the date of service of the complaint.  USCIT R. 24(a)(3).

Borçelik moves to intervene as a matter of right pursuant to USCIT R. 24(a), (c).  Mot. Interv. at 1; see USCIT R. 24(a), (c).  Plaintiffs Steel Dynamics, Inc. and United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC, Plaintiff-Intervenor

Court No. 26-00755                                                                    Page 3

United States Steel Corporation, and Defendant United States consented to

Borçelik's Motion to Intervene.[1]  Mot. Interv. at 3.

Borçelik is an interested party to this proceeding because it is a foreign

producer of Corrosion-Resistant Steel Products from Türkiye.  Id. at 2.  Borçelik

participated in the underlying investigation before Commerce as a respondent.  Id.

Borçelik's Motion to Intervene was timely filed on March 20, 2026, twenty-nine

days after Plaintiffs' service of the Complaint on February 19, 2026.  Id. at 2–3;

see Complaint, ECF No. 9.

Upon consideration of Borçelik's Consent Motion to Intervene as a Matter

of Right, ECF No. 23, it is hereby

**ORDERED** that Borçelik's Consent Motion to Intervene as a Matter of

Right, ECF No. 23, is granted, and it is further

**ORDERED** that Borçelik be entered as parties to this action as Defendant-

Intervenors.

                                                    /s/ Jennifer Choe-Groves
                                                Jennifer Choe-Groves, Judge

Date:    March 23, 2026
          New York, New York

---

[1] At the time of the filing of Borçelik's Motion to Intervene, Plaintiff-Intervenor
Nucor Corporation had not yet been entered as a party to this action.